**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | |
|---|---|
| KOPLIN B & W LLC | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO.: 3:23-cv-000017-CHB |
| MIDDLETON REUTLINGER P.S.C. | ) ) ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF MOTION FOR**
**IMMEDIATE APPOINTMENT OF RECEIVER**

Plaintiff Koplin B & W LLC ("Koplin") seeks appointment of a receiver to preserve the limited remaining assets of Defendant Middleton Reutlinger, P.S.C. ("Middleton") and maximize recovery for Koplin and other creditors. Middleton has dissolved and ceased operations. There is no dispute that Middleton has defaulted on its Lease[1] and it will not fully satisfy Koplin's claim. (Doc. 1, Verified Compl., ¶¶ 32, 33; Doc. 1-1, Lease.) Middleton will not generate future revenue, which means that its current assets, including any remaining accounts receivable ("A/R") and unbilled work ("WIP"), are the only assets available to satisfy Koplin's claim. Middleton has refused to provide Koplin any detail in the windup process, including its assets, liabilities, whether there are other creditors not getting paid in full, or whether its members will be provided a distribution. (*Id*., ¶ 43.) A receiver is needed to insure collection of the A/R and WIP and appropriate payment of Middleton's debts to Koplin and others.

---

[1] Unless otherwise stated, capitalized terms will have the same meaning as those defined in the Verified Complaint (Doc. 1).

1

22617684.v2

## FACTUAL BACKGROUND

Middleton is no longer functioning as a law firm and is no longer generating any revenue. (*Id*. ¶¶ 30, 45, 48.) The former members of Middleton are handling the winding up process and each of those former members are insiders. (*Id*., ¶ 49.) Middleton has publicly held itself out as dissolved on its website and, according to documents filed with the Kentucky Secretary of State, Middleton voted to dissolve on December 8, 2022. (*Id*., ¶¶ 29, 45; Doc 1-2, Articles of Dissolution.) At this point, it is not clear who exactly is in charge of Middleton's assets, where those assets are being held, what debts those assets are being used to satisfy, or the number of creditors.

Middleton is obligated to pay rent that could total approximately $8.7 million under the Lease. (*Id*., ¶¶ 23, 24.) Middleton's managing partner has given notice to Koplin that Middleton will not pay rent after February 2023. (*Id*., ¶ 32.) To date, Middleton has refused to provide adequate assurance to Koplin that the rent obligation will be satisfied and that Middleton will abide by all of its obligations under the Lease. (*Id*., ¶ 43; Doc. 1-3, Default Letter; Doc. 1-4, Middleton Response.) A receiver is needed to protect Koplin's rights and the rights of any other creditors.

## LEGAL STANDARD

"Appointment of a receiver presents a question to be resolved by federal law." *Clayton v. Heartland Resources, Inc.*, Case No. 1:08-cv-94-M, 2009, WL 10681153, at *2 (W.D. Ky. Oct. 23, 2009), *report and recommendation adopted,* 2009 WL 10681041 (W.D. Ky. Nov. 18, 2009); FED. R. CIV. P. 66. "A district court enjoys broad equitable powers to appoint a receiver over assets disputed in litigation before the court. The receiver's role, and the district court's purpose in the appointment, is to safeguard the disputed assets, administer the property as suitable, and to assist the district court in achieving a final, equitable distribution of the assets if necessary." *Id*.

22617684.v2

(quoting *Liberte Capital Group, LLC v. Capwill*, 462 F.3d 543, 551 (6th Cir. 2007)) (citations omitted).

"The appointment of a receiver is an equitable remedy of an extraordinary nature to be employed in cases of necessity to protect a plaintiff's interest in property, and the party seeking the relief has the burden of showing irreparable harm and a likelihood of success on the merits." *Id*. (citing *Midwest Sav. Ass'n v. Riversbend Assocs. P'ship*, 724 F. Supp. 661, 662 (D. Minn. 1989)) (other citation omitted). "This remedy may be used when there is a showing of 'fraud, or the imminent danger of property being lost, injured, diminished in value, or squandered and where legal remedies appear to be inadequate.'" *Id*. (quoting *McDermott v. Russell*, 523 F. Supp. 347, 352 (E.D. Pa. 1981)).

## LEGAL ANALYSIS

### A.   Factors for a Receivership

Federal courts consider a number of factors in deciding whether to appoint a receiver, including: (1) whether the parties contractually consented to the appointment of a receiver; (2) the adequacy of security; (3) the debtor's financial position; (4) the debtor's fraudulent conduct; (5) whether there is imminent danger of the property being lost, concealed, injured, diminished in value or squandered; (6) the merit of plaintiff's claims; (7) the inadequacy of legal remedies; (8) the probability that harm to the plaintiff by denial of the appointment would outweigh any injury to the party opposing appointment; and (9) whether plaintiff's interests sought to be protected will be well served by a receivership. *See Fed. Nat. Mortg. Ass'n v. Mapletree Invs. Ltd. P'ship*, No. 10-CV-10381, 2010 WL 1753112, at *3 (E.D. Mich. Apr. 30, 2010) (citations omitted); *see also Pension Ben. Guar. Corp. v. Evans Tempcon, Inc.,* 630 Fed. App'x 410, 414 (6th Cir. 2015) (unpublished) (holding that courts should consider whether the property at issue is in "imminent

danger of . . . being lost, concealed, injured, diminished in value, or squandered," whether the defendant engaged in fraudulent conduct, "the inadequacy of the available legal remedies," the lack of less drastic equitable remedies, and the likelihood that he appointment will do more good than harm). In this case, the factors support appointment of a receiver.

**B.      The Security is Inadequate and Middleton's Financial Condition is Dire**

Middleton is dissolved and has no income. Middleton's assets are unknown and, upon information and belief, the firm is winding up and paying other creditors. Koplin's claim is for at least $8.7 million and Middleton has represented it will not pay Koplin in full. Middleton has disclosed it has additional creditors, but it has not disclosed (i) how many other creditors, (ii) the amount of outstanding liabilities, (iii) how many other creditors will not be paid in full, and (iv) what debts are currently being paid. There are other questions as to what funds have already been paid out of Middleton since its dissolution and whether any of those funds went to insiders or interested parties. These factors support the need for an immediate appointment of a receiver.

**C.      The Only Collateral is the Current Assets**

A receiver should be appointed because the limited current assets are at risk of being lost, materially injured, and/or diminished. Middleton has dissolved and no additional revenue will be generated. There is no transparency for how the money is being distributed and if all similarly situated creditors are being treated the same. To the extent all other unsecured creditors are being paid in full, they are not being treated the same as Koplin. Moreover, once the limited pool of Middleton's assets are distributed, there is little or no chance that those assets can be recovered.

Additionally, there is nothing demonstrating that Middleton is taking steps to give notice to creditors or provide assurance that its debts will be satisfied. Simply put, there is nothing in

22617684.v2

place protecting Middleton's limited resources. This factor supports immediate appointment of a receiver.

### D. Koplin is Likely to Prevail on its Claim

Koplin has a high probability of success in its breach of contract claim. Middleton has dissolved and its former partners have joined other firms. Middleton has abandoned the Leased Premises and given notice that it will cease paying rent after February 2023. This is a default under and breach of the Lease. There is no legal defense available to Middleton and Middleton has not attempted to assert any. Because Koplin has a high likelihood of success on the merits of its action, this factor weighs in favor of immediate appointment of a receiver.

### E. The Remedies are Otherwise Inadequate

Any other potential remedies available to Koplin would not be adequate to fully protect its ability to collect against Middleton without the appointment of a receiver. Middleton has no other assets besides the current assets and uncollected A/R and WIP. Indeed, it is not even clear whether Middleton has any money in a bank account, and despite repeated requests, Middleton has failed to disclose its assets, A/R, and WIP. Moreover, because Middleton is no longer operating, it has little incentive to make sure any outstanding A/R and WIP is actually collected.

### F. Middleton Will Not be Harmed and the Interests of Both Parties Will Be Protected by the Appointment

Middleton faces little harm if a receiver is appointed. Once a receiver is appointed, the receiver can centralize the collection efforts on the outstanding A/R and WIP and assess the necessary payments to creditors. By having a receiver make decisions regarding payments, the receiver will relieve any insiders from making these decisions and limit their potential liability. Middleton has dissolved and a receiver will not impact its current operations or ability to operate going forward. These factors weigh in favor of immediate appointment of a receiver.

**G.     Recommended Receiver**

Koplin proposes to the Court that Michael E. Wheatley of Prospect, Kentucky be appointed as receiver.  Mr. Wheatley is a current chapter 7 panel trustee for the United States Bankruptcy Court for the Western District of Kentucky.  Mr. Wheatley is experienced in winding up entities, establishing creditor priority, and distributing assets.   His resume is attached as **Exhibit A**.

## CONCLUSION

For the foregoing reasons, Koplin respectfully requests that the Court grant its motion to immediately appoint a receiver.

>       Respectfully submitted,
>
>       */s/ V. Brandon McGrath*
>       V. Brandon McGrath (KBA # 89337)
>       DENTONS BINGHAM GREENEBAUM LLP
>       312 Walnut St., Suite 2450
>       Cincinnati, OH 45202
>       (513) 455-7641
>       Email: brandon.mcgrath@dentons.com
>
>
>       April A. Wimberg (KBA # 95741)
>       Gina M. Young (KBA #97211)
>       DENTONS BINGHAM GREENEBAUM LLP
>       3500 PNC Tower
>       101 South Fifth Street
>       Louisville, KY  40202
>       (502) 587-3715
>       Email: april.wimberg@dentons.com
>              gina.young@dentons.com
>
>       *COUNSEL FOR PLAINTIFF*

22617684.v2